IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02747–DDD–MDB

DENNIS RODRIGUEZ,

    Plaintiff,

v.

ANDRE 'MOSES' STANCIL, Executive Director of Colorado Department of Corrections,
ROUDOLPH MAUL M.D., Executive Director of Medical Services, Colorado Department of Corrections,
JEFFERY CALLOWAY, Health Services Administrator, Fremont Correctional Facility, and
CORRECTIONAL HEALTH PROVIDERS,

    Defendants.

## MINUTE ORDER

This matter is before the Court on Plaintiff's Letter Motions at ECF 29 and 33, which the Court construes as a Motion for Appointment of Counsel and a Motion to Amend the Complaint, respectively. (Doc. Nos. 29; 33.) For the foregoing reasons, both Motions are **DENIED without prejudice**.

### SUMMARY FOR PRO SE PLAINTIFF

The Court is denying your request for an attorney at this time. However, if and when this case moves past the initial phases of litigation, you can file a new request. The Court is also denying what appears to be a request to add new allegations to your complaint. If you wish to add new allegations, you must file a motion to amend your complaint that complies with D.C.COLO.LCivR 15.1. This is only a high-level summary of the Court's decision. The entire decision is set forth below.

### ANALYSIS

*Motion to Appoint Counsel*

In the Motion to Appoint Counsel, Plaintiff informs the Court he is in "extreme pain" and "unable to litigate without assistance." (Doc. No. 29.) Plaintiff says he needed another inmate to draft the filing on his behalf. (*Id.*)

As an unrepresented prisoner, Plaintiff is eligible for appointment of counsel. *See* D.C.COLO.LAttyR 15(e)(1)(B). However, eligibility does not dictate appointment. The Court must evaluate other considerations including (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

After considering the relevant factors, the Court finds that appointment of counsel is not warranted at this time. First, Plaintiff has not demonstrated that he is unable to obtain counsel through other means. Notably, Plaintiff paid the filing fee and is not proceeding *in forma pauperis*. (Doc. No. 5.) Additionally, this case remains in its earliest stages—service is still ongoing—and it is too soon to determine whether Plaintiff's claims have merit.[1]

The Court acknowledges Plaintiff's assertions that he suffers from physical ailments and believes counsel would aid in litigating his claims. However, such circumstances, while sympathetic, are not uncommon. See *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").

The Court recognizes that litigation—particularly for incarcerated individuals—is difficult. Nonetheless, due to limited resources and the heavy demand for pro bono representation, the Court must be judicious in appointing counsel. At this juncture, the circumstances do not support appointment. Plaintiff may, however, renew his request when the case progresses beyond the initial stages.

***Motion to Amend the Complaint***

---

[1] Plaintiff is advised that the Court has ordered the United States Marshal Service to serve the Defendants in this matter. (Doc. No. 34.)

2

In his Motion to Amend the Complaint, Plaintiff appears to assert new allegations connected to his cancer treatment. (Doc. No. 33.) He also appears to contend that he was retaliated against for filing this suit. (*Id.*) The Court takes Plaintiff's statements very seriously, but notes that, to the extent Plaintiff seeks to add new allegations or claims, his motion must be accompanied by a proposed amended complaint that includes the previously made allegations, plus any new allegations he wishes to make. *See* D.C.COLO.LCivR 15.1.

The Clerk of Court is directed to mail Plaintiff a copy of this Minute Order:

Dennis Rodriguez
#84369
Denver Reception & Diagnostic Center (DRDC)
P.O. Box 392004
10900 Smith Road
Denver, CO 80239

Dated this 6th day of August, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge